Darren P.B. Rumack (DR-2642)
THE KLEIN LAW GROUP
11 Broadway Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

**ZHI FAN LI,** *Individually and on behalf of others similarly situated,*

                        **Plaintiff**

v.

**SIMON LEUNG Individually**
**and MOGU SUSHI INC.**

                        **Defendants.**

-----------------------------------------------------------------x

**COMPLAINT**
**Index No.**

**COLLECTIVE ACTION**
**UNDER 29 USC § 216(b)**

**JURY TRIAL**
**DEMANDED**

1. Plaintiff, Zhi Fan Li ("Li" or "Plaintiff"), individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF THE ACTION

2. This Action on behalf of Plaintiff, individually and on behalf of others similarly situated, seeks the recovery of unpaid wages and related damages for unpaid minimum wage and overtime hours worked, while employed by Mogu Sushi Inc. ("Mogu") and Simon Leung ("Leung"). Plaintiff seeks these

damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3. Plaintiff Zhi Fan Li, a resident of New York State, was employed as a sushi chef for Defendant Mogu from on or about November 1, 2014, until March 15, 2015. Plaintiff was employed by Defendants Mogu and Leung during the relevant limitations periods.

4. Plaintiff's consent to sue form is attached as Exhibit "A."

5. Defendant Mogu is a New York Corporation. Defendant Mogu is a restaurant located at 133-22 39 Avenue, Flushing, NY 11354.

6. Upon information and belief, Mogu has an annual gross volume of sales in excess of $500,000.00.

7. At all relevant times, Mogu has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

8. Upon information and belief, Defendant Leung is an owner and operator of Mogu.

9. Upon information and belief, Defendant Leung exercises control over Mogu's day to day operations, including the ability to hire and fire employees and set employee schedules and employee rates of pay.

10. Defendant Leung was an employer of Plaintiff during the relevant time period.

11. All Defendants are hereinafter collectively referred to as "Defendants."

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff brings the First and Third Claims for Relief as a collective action pursuant to FLSA Section 16 (b), 29 USC § 216(b), on behalf of all similarly situated workers employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The First and Third Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

**JURISDICTION AND VENUE**

15. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

17. Defendants committed the following alleged acts knowingly, willfully and intentionally.

18. Defendants knew that the nonpayment of minimum wage and overtime pay to Plaintiff and the FLSA Collective Plaintiffs would economically injure Plaintiff and the FLSA Collective Plaintiffs and violated state and federal laws.

19. Throughout the course of his employment at Mogu, Plaintiff regularly worked six (6) days per week at Mogu.

20. Plaintiff worked twelve (12) hours per day, five (5) days per week, and eleven and one-half (11.5) hours per day, one (1) day per week.

21. Throughout the course of his employment at Mogu, Plaintiff regularly worked at least ten (10) hours per day.

22. Plaintiff and the FLSA Collective Plaintiffs often worked in excess of forty (40) hours per workweek.

23. When working six (6) days per week, Plaintiff was paid a base salary of $500.00 per week, in cash, regardless of his hours worked per week.

24. When Plaintiff was hired, he was told by Defendant Leung that he would be paid $500.00 per week.

25. Plaintiff also received an average of $60.00 per week in tips.

26. Plaintiff had to pool his tips with the other sushi chef who worked for Defendants.

27. Plaintiff was not paid at all for his last ten (10) days of work for Defendants.

28. Defendants frequently issued Plaintiff with time sheets that listed incorrect hours worked and incorrect rates of pay.

29. Defendants made Plaintiff sign these incorrect time sheets in order for him to receive his salary.

30. Defendants unlawfully failed to pay the Plaintiff and the FLSA Collective Plaintiffs the New York State or the federal minimum wage for all hours worked per week.

31. Defendants unlawfully failed to pay the Plaintiff and the FLSA Collective Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

32. Defendants did not pay Plaintiff a spread of hours premium pursuant to New York state law when his workdays lasted ten (10) or more hours.

33. Defendants did not provide Plaintiff and the FLSA Collective Plaintiffs with any written or oral information regarding the New York state or federal minimum wage.

34. Defendant Leung hired Plaintiff.

35. Defendant Leung set Plaintiff's rate of pay and schedule.

36. Defendant Leung issued Plaintiff with his weekly salary.

37. Defendants failed to provide Plaintiff with a written notice of his rate of pay and failed to keep proper payroll records as required under New York law.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act-Minimum Wage Violations Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs

38. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

39. The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff and the FLSA Collective Plaintiffs.

40. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

41. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Minimum Wage Violations Against All Defendants

42. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

43. The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

44. Defendants have willfully failed to pay Plaintiff the New York State minimum wage for all hours worked.

45. Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

46. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## THIRD CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs

47. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff, and the FLSA Collective Plaintiffs.

7

49. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

50. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

### FOURTH CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

53. Defendants have willfully failed to pay Plaintiff the overtime wages for hours he worked in excess of forty (40) hours in a workweek.

54. Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

55. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages,

attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## FIFTH CAUSE OF ACTION
**New York Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 146-1.6**

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

57. Plaintiff regularly had workdays that lasted more than ten (10) hours.

58. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York State minimum hourly wage rate when his workdays exceeded ten (10) hours, as required by New York law.

59. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## SIXTH CAUSE OF ACTION
**New York Labor Law-Record Keeping Violations**

60. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

62. Defendants failed to provide Plaintiff with a written notice of rate of pay as required by NYLL § 195.

63. Defendants' failure to make, keep and preserve accurate records was willful.

64. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

## **PRAYER FOR RELIEF**

65. WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs prays for relief as follows:

   a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

   b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

   c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

   d. Designation of Plaintiff as a representative plaintiff of the FLSA Collective Plaintiffs;

   e. Penalties available under applicable laws;

   f. Costs of the action incurred herein, including expert fees;

   g. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

   h. Pre-judgment and post-judgment interest, as provided by law; and

      i.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff on behalf of himself and the FLSA Collective Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York  
September 11, 2015

Respectfully submitted,

The Klein Law Group P.C.

By: _____  
Darren P.B. Rumack  
11 Broadway, Suite 960,  
New York, NY 10004  
Phone: 212-344-9022  
Fax: 212-344-0301  
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Mogu Sushi Inc. and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage and overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_Lizhi Fan_       _9/9/2015_      _Lizhi Fan_
Signature      Date      Printed Name