UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZHI FAN LI, individually and on behalf of others
similarly situated,

                            Plaintiff,

-against-

SIMON LEUNG, individually, and MOGU
SUSHI, INC.

                           Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-5262 (CBA)

**AMON, United States District Judge:**

Plaintiff Zhi Fan Li claims that his former employers, defendants Simon Leung and Mogu Sushi, Inc., failed to pay him adequately under, and otherwise comply with, the Fair Labor Standards Act of 1938, 28 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law, N.Y. Lab. Law § 650 et seq. ("NYLL"). None of the defendants have appeared in these proceedings, and the Clerk of Court noted the default of the defendants on October 27, 2015. (D.E. # 12). Plaintiff moved for a default judgment against the defendants on December 18, 2015, (D.E. # 14), and on December 30, 2015, the Court referred the motion to Magistrate Judge Vera M. Scanlon for a Report and Recommendation ("R&R"). (D.E. dated Dec. 30, 2015.) Magistrate Judge Scanlon issued an R&R recommending granting the plaintiff's motion for a default judgment. (D.E. # 17.)

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of

1

the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

No party has objected to the R&R, and the time for doing so has passed. The Court has therefore reviewed for clear error. Finding none, the Court adopts the R&R as the opinion of the Court, subject to the following clarifications concerning the size of plaintiff's recovery from the named defendants.

Plaintiff is entitled to the following damages: $1,495.84 for unpaid minimum wages for hours worked up to forty hours per week; $3,733.78 for unpaid minimum wages and overtime premium pay for hours worked in excess of forty hours per week; $973.01 for unpaid spread-of-hours premiums; $6,129 for no-notice damages; and $6,202.62 in liquidated damages. Plaintiff is therefore entitled to a total damages award of $18,534.24, as well as post-judgment interest as prescribed by 28 U.S.C. § 1961. The Court has arrived at slightly different numbers from those recommended for two reasons: (1) it found a minor error in the R&R's calculation in the number of work weeks; and (2) it calculated unpaid wages to partial weeks where appropriate, rather than rounding plaintiff's schedules into full weeks, see Animas v. Balcon Quiteno Inc., No. 14-CV-3763 (CBA) (PK), 2016 WL 1271478, at *1 (E.D.N.Y. Mar. 30, 2016).

Finally, the Court adopts in full the recommended award of $4,240.50 in attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, the Court adopts the R&R, with minor adjustments to the calculations for the amount of the judgment. The Clerk of the Court is directed to enter judgment against the defendants, jointly and severally, and in favor of the plaintiff: $18,534.24 in damages,

plus $4,240.50 in attorneys' fees, and post-judgment interest as prescribed by 28 U.S.C. § 1961.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: September 22, 2016
Brooklyn, New York

s/Carol Bagley Amon

_____
Carol Bagley Amon
United States District Judge